**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTHUR H. WILSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION H-05-2972 |
| | § | |
| BRAD LIVINGSTON, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Arthur H. Wilson, brings this application for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) at the Carol Vance Unit, located in this district.

**I. BACKGROUND AND CLAIMS**

The 7th Judicial District Court of Smith County, Texas, convicted Petitioner of burglary of a building on November 25, 1985, and sentenced him to 25 years imprisonment. Petitioner does not challenge his conviction. Rather, he challenges the TDCJ and the Texas Board of Pardons and Paroles's (Board) execution of his sentence.

Petitioner raises these grounds for relief:

1. Improper revocation of mandatory supervision.

2. Denial of good-conduct time credits on revocation.

  3. Denial of calendar time served while on mandatory supervision.

  4. Illegal extension of Petitioner's original sentence.

Petitioner elaborates as follows under his grounds for relief:

 1. Improper revocation of mandatory supervision. Upon his release to mandatory supervision, Petitioner did not sign the release contract and bind himself to the stipulations for mandatory supervision. As a result of this unexecuted contract, the state was without jurisdiction to return him to prison for violating stipulations with which he clearly disagreed.

 2. Denial of good-conduct time credits. Petitioner retains his prior accumulated good-conduct time because the loss of this time credit is contingent on him agreeing with this condition at the time of his release.

 3. Denial of calendar time served while on mandatory supervision. The loss of calendar time is contingent upon a binding agreement between Petitioner and the State. Furthermore, the confiscation of this time served means Petitioner's sentence stopped running on his release.

 4. Illegal extension of Petitioner's original sentence. Petitioner's original sentence imposed in 1985 was 25 years imprisonment. Under the State's calculation, his sentence terminates in 2017. This means a 32-year sentence, which is a sentence extension or a stoppage of the sentence at some point.

Petitioner essentially claims that because he did not sign the mandatory supervision contract, the TDCJ and the Board illegally returned him to prison on mandatory supervision revocation, deprived him of calendar and good time for the period he was out of custody, and effectively extended his sentence.

## II. ANALYSIS

### A. Release Contract

Petitioner premises his claims on the absence of a signed agreement between himself and the State. Release on mandatory supervision is not a contract and does not require a signed agreement between the releasee and the State. *See* TEX. GOVT. CODE ANN § 508.154 (West 2001) (prior version at TEX. CODE CRIM. PROC. ANN art. 42.18 § 8(g)) (West 1994). Inmates released under mandatory supervision must follow the stated conditions of mandatory supervision release regardless of their agreement or lack of it. *Id*. It is undisputed that a state may release a prisoner before the expiration of his sentence and require that he abide by certain rules.

Petitioner's claim that the Board cannot legitimately return him to prison for violation of mandatory supervision rules because he did not contractually agree to be bound by the rules is frivolous.

### B. Denial of Good Time Credits

There is no constitutional right to credit for good behavior while in prison. *See*

*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Awarding good conduct time is a matter of state law. *See Turner v. Johnson*, 46 F.Supp.2d 655, 669-70 (S.D. Tex. 1999). Under Texas law, good time credit is forfeited when a prisoner has violated the guidelines of his conditional release. *Id.* Petitioner has no liberty interest in the restoration of forfeited good time credit. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997).

The denial of Petitioner's good time credit earned before his release from prison is not a due process or other constitutional violation. The possible non-restoration of the pre-revocation good time is part of the original punishment under Texas sentencing laws. Therefore, it is not a multiple punishment or other double jeopardy violation. Petitioner has failed to show that he has suffered a constitutional violation.

**C. Denial of Calendar Time Credits**

Petitioner does not have a state or federal right to credit for time served while on parole or mandatory supervision. *See Morrison v. Johnson,* 106 F.3d 127, 129 n.1 (5th Cir. 1997). Under Texas law, "[w]hen a person's parole[1] .... is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the

---

[1] Parole and mandatory supervision are functionally equivalent. *See* TEX. GOV'T CODE ANN. § 508.147(b) (Vernon 2004).

date of his release to the date of revocation." TEX. GOV'T CODE ANN. § 508.283 (West 1998) (prior version at TEX. CODE CRIM. PROC. ANN. art. 42.18, § 14(a)). Not receiving time credit while out of custody is part of Petitioner's original punishment under Texas law. Petitioner's loss of calendar time credit toward his sentence for the time he was out of custody on mandatory supervision is not a federal constitutional or state law violation.

Petitioner has failed to show that he has been denied a protected interest under the U.S. Constitution.

**D. Illegal Extension of Sentence**

Petitioner alleges that his sentence was stopped while he was out of prison and illegally extended beyond its original term. This is not a separate claim. It is a corollary of his claim that he did not gain any calendar or good time credit for the time he spent on mandatory supervision, discussed above. *See* TEX. GOV'T CODE ANN. § 508.283 (West 1998). A prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

### III. CONCLUSION

The federal courts are authorized to dismiss habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28

U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that the petition is DENIED and Petitioner's habeas corpus claims are DISMISSED for failure to state a claim upon which relief may be granted and as frivolous.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 31st day of August, 2005.

_____

DAVID HITTNER

United States District Judge